UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH PAUL DYKAS        ]
    Petitioner,           ]
                          ]
v.                        ]   No. 3:04-0769
                          ]   Judge Echols/Knowles
JACK MORGAN               ]
    Respondent.           ]

To: Honorable Robert L. Echols, District Judge

### REPORT AND RECOMMENDATION

By an order (Docket Entry No. 22) entered June 3, 2005, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently pending before the Court are the amended petition (Docket Entry No. 18) for writ of habeas corpus, respondent's Answer (Docket Entry No. 20) and petitioner's Reply to the Answer (Docket Entry No. 27). The undersigned has reviewed these pleadings and the record in this case and finds that the petitioner is not entitled to federal habeas corpus relief. Accordingly, for the reasons stated below, it is respectfully recommended that this action should be dismissed. Rule 8(a), Rules - - - § 2254 Cases.

### I. BACKGROUND

The petitioner, proceeding through counsel, is an inmate at the Brushy Mountain Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. §

1

2254 against Jack Morgan, Warden of the facility, seeking a writ of habeas corpus.[1]

On September 17, 1999, a jury in Rutherford County found the petitioner guilty of first degree murder, especially aggravated robbery and conspiracy to commit especially aggravated robbery. For these crimes, he received sentences of life imprisonment without the possibility of parole (murder), twenty four years (robbery) and eleven years (conspiracy). Docket Entry No. 21; Addendum No. 1; Volume No. 1 at pgs. 107-108, 111. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 21; Addendum No. 2; Document No. 3. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No. 21; Addendum No. 2; Document No. 4.

The petitioner then filed a *pro se* petition for state post-conviction relief in the Criminal Court of Rutherford County. Docket Entry No. 21; Addendum No. 3; Volume No. 1 at pgs. 2-13. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition. Id., at pgs. 18-23. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 21; Addendum No. 4; Volume No. 3. The Tennessee Supreme Court once again rejected the petitioner's application for further review. Docket Entry No. 21; Addendum No. 4; Volume No. 5.

## II. PROCEDURAL HISTORY

On August 3, 2004, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition was originally filed in the Western

---

[1] At the time the petition (Docket Entry No. 1) was filed, the petitioner was an inmate at the Northwest Correctional Complex where Tony Parker is Warden. He has since been transferred to his present place of confinement where Jack Morgan is Warden. *See* Docket Entry No. 24 (motion to substitute respondent was granted).

2

District of Tennessee but was subsequently transferred to this judicial district. Docket Entry

No. 5. Since the filing of his petition, the petitioner has retained counsel who filed an amended

petition (Docket Entry No. 18) for habeas corpus relief. In the original petition and his amended

petition, the petitioner sets forth several instances in which he was allegedly denied his Sixth

Amendment right to the effective assistance of counsel.[2] These instances of ineffective assistance

include

>   (1) counsel neglected to inform the petitioner of the evidence
>       the prosecution intended to introduce against him;
>
>   (2) counsel failed to formulate "a reasonable defense strategy"
>       and advise the petitioner as to whether or not he should testify;
>
>   (3) counsel did not adequately investigate the case because they
>       (a) failed to obtain an independent DNA analysis of
>           the blood found on the petitioner's shoe;
>       (b) did not review the rules governing the removal of
>           potentially biased jurors;
>       (c) neglected to obtain the medical and criminal records
>           of prosecution witnesses Steve Riggan and Deborah
>           Reese; and
>       (d) did not file a pre-trial motion to identify those portions
>           of the petitioner's criminal record that could be used
>           for impeachment purposes should the petitioner decide
>           to testify;
>
>   (4) counsel failed to object to the testimony of a key prosecution
>       witness (Riggan);
>
>   (5) counsel should have moved for a mistrial after learning that
>       some of the jurors had expressed to the judge their discomfort
>       with having the petitioner watch a video tape offered by the
>       prosecution in close proximity to the jury box;
>
>   (6) counsel failed to inform the petitioner that the prosecution was

---

[2] At trial, the petitioner was represented by David Bragg and Gilbert Anglin, both members of the Rutherford County Bar.

seeking life imprisonment without the possibility of parole; and

    (7) counsel failed to conduct an effective cross-examination of both Riggan and Reese.

By an order (Docket Entry No. 11) entered March 3, 2005, the respondent was directed to file an answer, plead or otherwise respond to the petition. The respondent has filed an Answer (Docket Entry No. 20) to which the petitioner has submitted a Reply to respondent's Answer (Docket Entry No. 27).

Upon consideration of these pleadings and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the undersigned has conducted a review of the petitioner's claims in order to recommend whatever disposition of the petition the law and justice may require. Rule 8(a), Rules - - - § 2254 Cases.

### III. ANALYSIS OF THE CLAIMS

**A.) Procedural Default**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S.

4

509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

The petitioner's ineffective assistance claims were first offered for consideration during the state post-conviction proceedings. Having carefully reviewed the record, the undersigned finds that several of the alleged instances of ineffective assistance claimed by the petitioner in his federal habeas corpus petition were never raised in the state appellate courts (Claim Nos. 1, 3a, 3d, 5 and 6).[3] See Docket Entry No. 21; Addendum No. 4; Volume No. 1. Moreover, the petitioner has presented claims that were not considered by the state appellate courts because they were deemed to have been waived (Claim Nos. 3c, 4 and 7). Unfortunately, at this late date, state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-202(a). As a consequence, by way of procedural default, the petitioner has technically satisfied the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review).

The Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing of cause for non-compliance and some showing of prejudice arising from the alleged constitutional violations.

---

[3] Also included in this list is that part of Claim No. 2 in which the petitioner complains of his attorneys' failure to formulate "a reasonable defense strategy". The petitioner did allude to counsels' failure to move for a mistrial (Claim No. 5) in his post-conviction appellate brief but never asserts this particular ground as an independent basis for his ineffective assistance claims. Docket Entry No. 21; Addendum No. 4; Volume No. 1 at pg. 25.

5

Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). The petitioner has failed to fairly present and exhaust Claim Nos. 1, 3a, 3c, 3d, 4 - 7 in a timely manner prior to initiating the instant action. He has neglected to offer any factual allegations suggesting cause and prejudice arising from his failure to properly exhaust these claims. Therefore, these claims will not support an award of habeas corpus relief.

**B.) Fully Exhausted Claims**

The remaining ineffective assistance claims, i.e., counsels' failure to advise and prepare the petitioner to testify (Claim No. 2) and counsels' failure to be properly prepared for voir dire (Claim No. 3b) were reviewed by the state courts and disposed of on the merits. When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. In order to obtain the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after the closest examination of the state court

6

judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of showing that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir.2003).

After reviewing a transcript of the post-conviction evidentiary hearing (Docket Entry No. 21; Addendum No. 3; Volume No. 2), the Tennessee Court of Criminal Appeals stated

> The petitioner also claims ineffective assistance because of his trial attorneys' failure to prepare him to testify at trial. Although the petitioner acknowledges that he validly waived his right to testify in open court, he contends that he did so because he was unprepared. Both of the petitioner's trial attorneys testified at the post-conviction hearing that they explained to the petitioner the pros and cons of testifying, and he made the decision not to testify. The petitioner never expressed the desire to testify until the post-conviction proceedings. He admitted that he told his attorneys he did not want to testify. The post-conviction court found that the petitioner's attorneys' explanation of the pros and cons of testifying was well within the range of competence for criminal defense attorneys. The evidence does not preponderate against the findings of the post-conviction court. The petitioner is not entitled to relief on this issue.

Docket Entry No. 21; Addendum No. 4; Volume No. 3 at pg. 3.

A review of the record shows that the ruling of the state courts on this issue was neither contrary to nor an unreasonable application of federal law. Therefore, this particular instance of alleged

7

ineffective assistance (Claim No. 2) will not support an award of habeas corpus relief.

The petitioner also alleges that counsel were ineffective because they were not properly prepared for voir dire (Claim No. 3b). More specifically, counsel were not fully aware of the rules governing the seating and removal of alternate jurors. This claim arose when the defense wanted to strike an alternate juror, Ms. Pierce, after she replaced another member of the jury.[4] Because the defense could not establish cause for her removal and did not have a peremptory challenge to exercise, she was allowed to sit on the jury.

The state appellate court agreed with the petitioner that counsel should have been better informed about the rules governing the seating and removal of alternate jurors. Id., at pg. 3. However, in the absence of some showing of prejudice, the state courts determined that counsel had not been ineffective. Defense counsel did attempt to establish cause for the removal of Ms. Pierce. When she stated that she could be objective and remain unbiased, the trial court allowed her to join the jury. The record in this case offers nothing to suggest that Ms. Pierce did otherwise. In his state appellate brief, the petitioner described Ms. Pierce as nothing more than a "*potentially* prejudicial juror." Docket Entry No. 21; Addendum No. 4; Volume No. 1 at pg. 16. The petitioner has neither alleged nor shown that this juror was actually biased against him and that this bias affected the verdict. Therefore, the ruling of the state courts on this issue was neither contrary to nor an unreasonable application of federal law.

---

[4] During voir dire, Ms. Pierce revealed that she had no sympathy for those involved in criminal activity because her daughter had twice been the victim of a violent crime. This revelation concerned the defense team and became a matter of great importance when she took her place on the jury.

8

## RECOMMENDATION

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the Court deny petitioner's petition for habeas corpus relief and dismiss this action.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

E. Clifton Knowles
United States Magistrate Judge