```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION

KENNETH PAUL DYKAS,            )
                               )
       Petitioner,             )
                               )
  v.                           )    No. 3:04-0769
                               )    Judge Echols
JACK MORGAN, Warden,           )
                               )
       Respondent.             )
```

## MEMORANDUM

Pending before the Court are the Magistrate Judge's Report and Recommendation ("R & R")(Docket Entry No. 30) and Petitioner's Objections thereto (Docket Entry No. 31). The Magistrate Judge recommends that this Court dismiss this habeas action brought by Petitioner pursuant to 28 U.S.C. § 2254.

The Court has carefully read and reviewed the Petition, the Answer, the Objections to the R & R, and the voluminous state court record. For the reasons stated below, the R & R will be accepted and the Petition for Writ of Habeas Corpus will be dismissed.

## I. BACKGROUND

Petitioner Kenneth Paul Dykas ("Petitioner" or "Dykas") was convicted by a jury in Rutherford County of first degree murder, especially aggravated robbery, and conspiracy to commit especially aggravated robbery. The facts giving rise to those convictions, as well as the state procedural history, are set forth in detail in opinions of the Tennessee Court of Criminal Appeals, State v. Dykas, 2002 WL 340060 (Tenn. Crim. App. 2002) and Dykas v. State, 2004 WL 300105 (Tenn. Crim. App. 2004).

1

The present Petition for Writ of Habeas Corpus filed August 3, 2004, and amended May 17, 2005, asserts that trial counsel were ineffective in several respects which the Magistrate Judge in his R & R identified as follows:

> (1) counsel neglected to inform the petitioner of the evidence the prosecution intended to introduce against him;
>
> (2) counsel failed to formulate "a reasonable defense strategy" and advise the petitioner as to whether or not he should testify;
>
> (3) counsel did not adequately investigate the case because they
>
>> (a) failed to obtain an independent DNA analysis of the blood found on the petitioner's shoe;
>>
>> (b) did not review the rules governing the removal of potentially biased jurors;
>>
>> (c) neglected to obtain the medical and criminal records of prosecution witnesses Steve Riggan and Deborah Reese; and
>>
>> (d) did not file a pre-trial motion to identify those portions of the petitioner's criminal record that could be used for impeachment purposes should the petitioner decide to testify;
>
> (4) counsel failed to object to the testimony of a key prosecution witness (Riggan);
>
> (5) counsel should have moved for a mistrial after learning that some of the jurors had expressed to the judge their discomfort with having the petitioner watch a video tape offered by the prosecution in close proximity to the jury box;
>
> (6) counsel failed to inform the petitioner that the prosecution was seeking life imprisonment without the possibility of parole; and
>
> (7) counsel failed to conduct an effective cross-examination of both Riggan and Reese.

(Docket Entry No. 30 at 3-4).

## II. STANDARDS OF REVIEW

### A. Standards Governing Review of R & R

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed. R. Civ. P. 72(b).

### B. Standards Governing Review of § 2254 Petitions

The petition, which was filed in 2004, is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court may grant the writ of habeas corpus on a claim that was adjudicated on the merits in state court if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 405 (2000).

The state court's factual findings are presumed to be correct and they can be contravened only if Petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1). Petitioner is entitled to an evidentiary hearing if he alleges sufficient grounds for issuance of the writ, relevant facts are in dispute, and the state

3

courts did not hold a full and fair evidentiary hearing. Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002).

### III. ANALYSIS

Petitioner objects to the Magistrate Judge's conclusion that the majority of his claims are procedurally defaulted. Petitioner also objects to the conclusion that he is entitled to no relief with respect to those claims which were found not to be procedurally defaulted.

**A. Procedurally Defaulted Claims**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (citation omitted). "These rules apply both to entirely new legal claims and new factual bases for relief; for a claim to be considered exhausted, 'the habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim.'" Alley v. Bell, 307 F.3d 380, 386 (6th Cir. 2002)(quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). "In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for

4

the failure, or that a miscarriage of justice will result from the lack of review." Id.

In the R & R, the Magistrate Judge concluded that the following claims were not raised in the state appellate court:

> (1) counsel's failure to inform Petitioner of the evidence the prosecutor intended to introduce against him;
>
> (3)(a) counsel's failure to obtain an independent DNA analysis of the blood found on Petitioner's shoe;
>
> (3)(d) counsel's failure to file a pre-trial motion regarding what portion of Petitioner's criminal record would be used for impeachment if he testified;
>
> (5) counsel's failure to move for a mistrial after some jurors expressed discomfort with Petitioner being near them when they viewed a videotape; and
>
> (6) counsel's failure to inform Petitioner the state was seeking life without the possibility of parole.

Further, the following claims were deemed to have been waived by the state court:

> (3)(c) counsel's failure to obtain the criminal records of witnesses Riggan and Reese.
>
> (4) counsel's failure to object to Riggan's testimony; and
>
> (7) counsel's failure to adequately cross-examine Riggan and Reese.

That left for consideration claims 2 (dealing with counsel's failure to advise petitioner as to whether he should testify) and 3b (dealing with counsel's failure to review the rules governing removal of potentially biased jurors). Upon full review of the record, this Court agrees. Both of these claims are based upon allegations of ineffective assistance of counsel.

5

Petitioner, however, argues that none of the issues arising out of his claim for ineffective assistance of counsel are procedurally barred because he raised the claim of "ineffective assistance of counsel" and this covers all claims of ineffectiveness which are supported by the facts. This Court disagrees.

"A petitioner fairly presents a federal habeas claim to the state courts only if he 'asserted both the factual and legal basis for his claim.'" Hicks v. Straub, 377 F.3d 538, 552 (6th Cir. 2004)(quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)). This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." Id. at 552-553 (quoting Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir. 1987)). While a petitioner "need not cite 'book and verse on the federal constitution,'" id., general allegations of the denial of a federal right does not fairly present claims that specific constitutional rights were violated. McMeans, 228 F.3d at 681. The "naked assertion" that a constitutional right has been violated is not sufficient – petitioner must develop "cogent arguments" regarding the specifics of his claims. Blackmon v. Booker, 349 F.3d 399, 401 (6th Cir. 2004).

Contrary to Petitioner's present argument that all ineffective assistance of counsel claims were raised in the state court because he utilized the term "ineffective assistance of counsel," it is quite clear that throughout the appellate proceedings in state

6

court, the claim of ineffective assistance of counsel was limited solely to counsel's failure to remove Juror Pierce, counsel's failure to conduct adequate cross-examinations, and counsel's failure to prepare Petitioner for cross-examination.  With regard to any other claim of the denial of the effective assistance of counsel, Petitioner did not make any effort to show "how his case mirrored cases in which such denials have been found," id., nor did he develop any cogent arguments with respect to those claims. McMeans, 228 F.3d at 681.  Accordingly, Petitioner has procedurally defaulted all ineffective assistance of counsel claims except inadequate preparation for and conduct of cross-examinations, failure to advise Petitioner whether he should testify and prepare him for such testimony and cross-examination, and the non-removal of Juror Pierce.[1]

Of these three remaining claims, this Court cannot consider the claim relating to counsel's alleged failure to adequately prepare for and cross-examine witnesses against the Petitioner because that claim is procedurally barred under state law.  The Tennessee Court of Criminal Appeals found that this claim had not

---

[1] Covington v. Mills, 110 Fed. Appx. 663 (6th Cir. 2004), relied upon by Petitioner, does not require a different conclusion.  That is an unpublished decision and is not controlling precedent. United States v. Ennenga, 263 F.3d 499, 504 (6th Cir. 2001). Moreover, while the Sixth Circuit in Ennenga did find some subclaims of ineffectiveness of counsel not waived where the facts underlying the claim were fairly presented in the factual section of Petitioner's appellate briefs, the court also found other subclaims procedurally barred where they were not developed in the factual section of the briefs before the state court.
7

been raised in the post-conviction petition in the trial court and hence was waived on appeal. Dykas, 2004 WL 300105 at *3.[2]

A petitioner's failure to follow a state procedural rule may prevent a federal court's review on habeas. Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986). The Sixth Circuit

> examines four factors to determine when procedural default of a state rule will prevent a federal court's review on habeas: (1) there must be a state procedural rule applicable to the petitioner's claim that he did not comply with; (2) the state courts must have actually enforced the state procedural rule against petitioner's claim; (3) the state procedural forfeiture must be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the above three factors are met, the court may still excuse the default if the petitioner can demonstrate that there was cause for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error."

Hutchison v. Bell, 303 F.3d 720, 735 (6th Cir. 2002).

Tennessee courts regularly hold that the failure to raise an argument in the trial court waives the argument on appeal. See, e.g., Norton v. McCaskill, 12 S.W.3d 789, 795 (Tenn. 2000); Lawrence v. Stanford, 655 S.W.2d 927, 929 (Tenn. 1983); State v. Burtis, 664 S.W.2d 305, 310 (Tenn. Crim. App. 1983). That waiver rule applies in post-conviction proceedings as well. See, e.g., Wiggins v. State, 2005 WL 3059437 at *8 (Tenn. Crim. App. Nov. 10, 2005); Black v. State, 2005 WL 1930795 at *6 (Tenn. Crim. App. 2005); Cone v. State, 747 S.W.2d 353, 356 (Tenn. Crim. App. 1987).

---

[2]The language in the Court of Appeal's opinion was limited to the cross-examination of Riggan because that was an issue argued by Petitioner before that court. Petitioner's claims relating to the preparation and cross-examination of any other witnesses cannot be considered by this Court because those too were not raised in the trial court.

8

In this case, Petitioner does not suggest that the failure to raise a claim in the trial court does not result in waiver. Nor has he demonstrated any cause for his failure to follow this procedural rule. Accordingly, his claim relating to the preparation for and conduct of cross-examination of witnesses is procedurally defaulted and will not be considered by this Court.

**B. Exhausted Claims**

There are two claims which this Court may consider on their merits: (1) the claim that counsel failed to advise Petitioner whether he should testify and prepare him for such testimony and cross-examination; and (2) counsel's ineffectiveness during voir dire as it related to the seating of Juror Pierce.

To establish a claim of ineffective assistance of counsel, Petitioner must show (1) the attorney's representation was deficient; and (2) the deficient performance resulted in prejudice so as to deprive the defendant of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the prejudice prong, Petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. With regard to the deficiency prong, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

9

having produced a just result." Id. at 686. In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689.

**1. Petitioner's Right to Testify**

"Although counsel has the right, and indeed the professional duty, to advise his client of the benefits and pitfalls of a decision to take the stand on his own behalf, see 1 STANDARD FOR CRIMINAL JUSTICE, Standard 4-5.2(a), the ultimate decision regarding whether to testify belongs to the defendant." Brown v. Artuz, 124 F.3d 73, 78 (2d Cir. 1997). Importantly, a defendant who wants to testify can reject counsel's advice to the contrary and inform the trial court of that desire. United States v. Webber, 208 F.3d 545, 551 (6th Cir. 2000). If a defendant fails to alert the trial court as to his desire to testify, he is said to have waived his right to testify by his conduct. Id.

In this case, during the post-conviction proceedings, Petitioner, as well as his trial counsel, David Bragg and Gilbert Anglin, testified about Petitioner's decision not to take the stand in his own behalf. Based upon those proceedings, even though counsel did not make a definitive recommendation about whether Petitioner should have testified, the Tennessee Court of Criminal Appeals concluded that "the petitioner's attorneys' explanation of the pros and cons of testifying was well within the range of

10

competence for criminal defense attorneys." Dykas, 2004 WL 300105 at *3.

To prevail in this habeas proceeding, Petitioner must show that the state court's determination of this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d).[3] "In making a determination as to what constitutes 'clearly established Federal law,' lower courts are restricted to reviewing the law as established by the Supreme Court" and "such law can only be determined through an examination of the holdings of the Court, as opposed to its dicta." Ruimveld v. Birkett, 404 F.3d 1006, 1010 (6th Cir. 2005).

Petitioner argues that counsel's failure to make any recommendation is a violation of clearly established federal law as set forth in the Supreme Court's decision in Brooks v. Tennessee, 406 U.S. 605 (1972). (Docket Entry No. 31 at 6). Petitioner claims that case "stands for the proposition that an element of the right to effective representation of counsel is the right to counsel's advice as to whether the defendant should testify." (Id.). Petitioner reads too much into Brooks.

At issue in Brooks was a Tennessee statute which required that a defendant who desired to testify do so before any other testimony

---

[3]Alternatively, Petitioner must show that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. Petitioner makes no such contention in this case.

11

was presented to the court during defendant's case.[4] The Supreme Court found the rule violated an accused's right to remain silent and to due process. Id. at 612. Towards the end of its opinion, the Court wrote:

> Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right. By requiring the accused and his lawyer to make that choice without an opportunity to evaluate the actual worth of their evidence, the statute restricts the defense--particularly counsel--in the planning of its case. Furthermore, the penalty for not testifying first is to keep the defendant off the stand entirely, even though as a matter of professional judgment his lawyer might want to call him later in the trial. The accused is thereby deprived of the 'guiding hand of counsel' in the timing of this critical element of his defense. While nothing we say here otherwise curtails in any way the ordinary power of a trial judge to set the order of proof, the accused and his counsel may not be restricted in deciding whether, and when in the course of presenting his defense, the accused should take the stand.

Id. at 612-613.

Contrary to Petitioner's argument, the foregoing excerpt does not in any way suggest that, as a matter of federal law, counsel must make a recommendation, one way or another, as to whether a defendant should take the stand and testify.[5] Rather, and as already explained, counsel's duty is to inform his client as to the pros and cons of testifying with the ultimate decision being left to the defendant. Where, as here, a criminal defendant assures the court that he has knowingly made a choice not to testify or does

---

[4]As explained by the Supreme Court, the rule was akin to the rule regarding the sequestration of witnesses and was enacted to prevent a defendant from hearing and perhaps being influenced by other defense witnesses who testified before him. Id. at 607.

[5]Petitioner concedes that the rule he desires may only be "implicit" in the Brooks decision. (Docket Entry No. 31 at 7).

12

not express to the court any disagreement with counsel about whether he should testify, the Defendant waives the right to testify.[6]  Accordingly, Petitioner's claim that counsel was ineffective in not telling him whether or not he should testify is without merit.

**2. Ineffective Assistance of Counsel During Jury Selection**

Petitioner claims counsel was ineffective during the selection of the jury that would hear his case. This claim arises out of the substitution of alternate Juror Pierce for Juror Parrish.

The state trial court held that while counsel's lack of knowledge of the rules regarding the seating of alternate jurors fell below the level of competency required of an attorney, the Petitioner did not establish any prejudice, conclusions with which the Tennessee Court of Criminal Appeals agreed. Dykas, 2004 WL 300105 at *3. The Magistrate Judge concluded that the state court's determinations were not contrary to, nor an unreasonable application of, federal law. (Docket Entry No. 30 at 8).

In his objections, Petitioner does not take issue with the Magistrate Judge's determination about the application of federal law. Instead he argues, without any citation to authority, that it

---

[6]Petitioner also cites Webber, 208 F.3d at 551 for its statement that "[t]he defense counsel's role is to advise the defendant whether or not the defendant should take the stand[.]" However, Webber is not "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d) because it is a decision from the Sixth Circuit and not the Supreme Court. Moreover, the quoted passage in Webber is mere dicta because the issue in that case was whether defendant waived his right to testify by remaining silent when counsel told the court defendant would not be taking the stand.

13

was unreasonable for the state court to accept Juror Pierce's assertion that she could be objective in light of the fact that Juror Pierce stated her daughter had been the victim of a violent crime. (Docket Entry No. 31 at 17). This appears to be a claim that does not relate to the ineffectiveness of counsel, but rather the determination made by the trial court. Regardless, it is without merit.

Under the Sixth Amendment, a defendant has the right to be tried by impartial and unbiased jurors. See, e.g., Ross v. Oklahoma, 487 U.S. 81, 85 (1988). "*Voir dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981). However, "despite its importance, the adequacy of *voir dire* is not easily subject to . . . review." Mu'Min v. Virginia, 500 U.S. 415, 424 (1991)(citation omitted). This is because the trial judge "must reach conclusions as to impartiality and credibility by relying on [his or her] own evaluations of demeanor evidence and of responses to questions." Id.

Long ago, the Supreme Court set forth the standard for juror impartiality under the Sixth Amendment:

> To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside h[er] impression or opinion and render a verdict based on the evidence presented in court.

Irving v. Dowd, 366 U.S. 717, 723 (1961)(citation omitted). Hence, "[t]o maintain a claim that a biased juror prejudiced him, . . .

14

[Petitioner] must show that the juror was actually biased against him." Hughes v. United States, 258 F.3d 453, 458 (6th Cir. 2001).

In this case, Petitioner has wholly failed to show that Juror Pierce was biased against him. His only effort in this regard is to suggest that this Court must discredit Juror Pierce's assurance of impartiality. However, a juror's statement regarding "her own impartiality should not be treated as 'inherently suspect,'" United States v. Corrado, 304 F.3d 593, 603 (6th Cir. 2002), and this Court, in a habeas proceeding, may not substitute its view of possible juror bias for the state court's view. Delisle v. Rivers, 161 F.3d 370, 382 (6th Cir. 1998). Accordingly, whether Petitioner's claim is that counsel was ineffective in conducting voir dire and not removing juror Pierce, or whether his claim is that the state court erred in seating him, the claim is without merit.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Objections (Docket Entry No. 31) to the Magistrate Judge's Report and Recommendation (Docket Entry No. 30) will be overruled. The Magistrate Judge's Report and Recommendation (Docket Entry No. 30) will be accepted and this case will be dismissed with prejudice.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

15